UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALDA CABRERA, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br><br><br><br>    -v.-<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>JEFFERSON CAPITAL SYSTEMS, LLC and<br><br>JOHN DOES 1-25,<br><br>                         Defendants. | 8:18cv 2900 T 35 TGW<br><br>Civil Action No:_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alda Cabrera (hereinafter, "Plaintiff" or "Cabrera"), a Florida resident, brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendant Dynamic Recovery Solutions, LLC (hereinafter "Defendant Dynamic") and Defendant Jefferson Capital Systems, LLC (hereinafter "Defendant Jefferson"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act")) in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

1

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws...[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Florida, County of Hillsborough, residing at 8716 North Ola Avenue, Tampa, FL 33604.

8.     Defendant Dynamic is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at135 Interstate Blvd., Suite 6, Greenville, SC 29615.

9.     Upon information and belief, Defendant Dynamic is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 16 McLeland Road, Saint Cloud, MN 56303.

11.     Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

    a.   all individuals with addresses in the State of Florida;

b. to whom Defendant Dynamic sent a collection letter attempting to collect a consumer debt;

c. on behalf of Defendant Jefferson;

d. whose letter offers the consumer settlement options for reduced amounts;

e. but actually requires the consumer to make payments which total more than the amount offered in the settlement option;

f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §1692e and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.     Some time prior to December 13, 2017, an obligation was allegedly incurred to Cellco Partnership (hereinafter "Cellco").

24.     The Cellco obligation arose out of Plaintiff's alleged receipt of Verizon Wireless telecommunications services, which Plaintiff allegedly obtained primarily for personal, family or household purposes.

25.     The alleged Cellco obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.     Due to her financial constraints, Plaintiff could not pay the alleged debt, and it went into default.

27.     Sometime thereafter, Defendant Jefferson purportedly purchased the alleged debt.

28.     Defendant Jefferson, a subsequent owner of the Cellco debt, contracted with the Defendant Dynamic to collect the alleged debt.

29.     Defendant Dynamic and Defendant Jefferson collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – December 13, 2017 Collection Letter*

30.     On or about December 13, 2017, Defendant Dynamic sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant Jefferson. See a true and correct copy of the Letter attached hereto as Exhibit A.

31.     The Letter was an attempt to collect an alleged balance of $983.10 which, according to Defendants, is the amount owed on Plaintiff's alleged debt.

32.     Defendants offered Plaintiff several settlement options to satisfy the debt for less than the full amount allegedly owed:

     a.     Option One offers Plaintiff a resolution of her account in full for $442.40 if paid in full by January 27, 2018.

     b.     Option Two offers Plaintiff full resolution of the account for $491.55, payable in two payments of $245.78 each.

     c.     Option Three offers Plaintiff resolution of the account for $540.71, payable in four payments of $135.18 each.

33.     The third option is confusing and misleading.

34.    In this option Defendant strategically determines the amount of each of the four required payments and provides this plan to Plaintiff.

35.    The sum of the four required payments results in a total amount paid of $540.72.

36.    However, this amount is higher than the amount offered in Settlement Option Three.

37.    Upon information and belief, Defendants effectively believe that since they are only seeking a minor amount greater than the stated settlement amount, the difference is not noticeable.

38.    However, no matter how small the amount is, Defendants are simply not entitled to collect an amount different than that of the stated settlement offer as it is a false statement and is misleading to the consumer.

39.    Further, it is an attempt to collect an amount greater than allowed under the proposed offer.

40.    When viewed in aggregate over a class of consumers, this unauthorized collection leads to a potentially exhorbitant amount illegally charged by Defendants.

41.    Both Defendants Dynamic and Jefferson are debt collectors as defined under the FDCPA.

42.    Additionally, Defendant Dynamic was acting as Defendant Jefferson's agent in its attempt to collect Plaintiff's defaulted debt and, thus, Defendant Jefferson is vicariously liable.

43.    Defendants made false and misleading representations when they offered Plaintiff a settlement offer the terms of which deceptively attempted to collect more than the amount of the offer, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10) and 1692f.

44.    As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

45.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48.     Defendants made false and misleading representations when they offered Plaintiff a settlement offer the terms of which deceptively attempted to collect more than the amount of the offer, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10)

49.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

50.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

52.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

53.     Defendants made unfair offers and misrepresentations when they offered Plaintiff a settlement offer the terms of which attempted to collect more than the amount of the offer, in violation of 15 U.S.C. §§1692f.

54.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alda Cabrera, individually and on behalf of all others similarly situated, demands judgment from Defendant Dynamic Recovery Solutions, LLC and Defendant Jefferson Capital Systems, LLC, as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   November 21, 2018                         Respectfully Submitted,

                                                    **ZEIG LAW FIRM, LLC**

                                                    _/s/ Justin Zeig_
                                                    Justin Zeig, Esq.
                                                     FL Bar No. 112306
                                                    3475 Sheridan Street, Suite 310
                                                    Hollywood, FL 33021
                                                    Telephone: 754-217-3084
                                                    Fax: 954-272-7807
                                                    justin@zeiglawfirm.com
                                                    _Attorneys for Plaintiff_